NJProb 12C/D
(10/24)

# United States Probation Office
# United States District Court
# for the District of New Jersey

## Amended Petition for Summons or Warrant for Individual under Supervision

May 28, 2025

**Name of Individual Under Supervision:** Ronald Baldwin  **Docket Number:** 23-00474-001
**Reg. Number:** 71864-067                                 **PACTS Number:** 901061

**Name of Judicial Officer:**   THE HONORABLE JOHN E. JONES III
UNITED STATES DISTRICT JUDGE (MD/PA)
(Jurisdiction transferred to the Hon. Karen M Williams on June 20, 2023)

**Date of Original Sentence:** 03/18/2015

**Original Offense:**   Count Two: Coercion and Enticement of an Individual Under the Age of 18; 18 U.S.C. § 2422(b) – a Class A felony

**Original Sentence:** 120 months imprisonment, 5 years supervised release

**Current Custodial Status:** Not in custody

**Special Conditions:** Special Assessment, Restitution, Mental Health Treatment, Sex Offender Registration, Computer Monitoring Software, Search/Seizure, Sex Offender Treatment, No Contact With Minors, No Contact with Victim, Financial Disclosure, Drug/Alcohol Treatment and Testing, Residential Reentry Center

**Date Supervision Commenced:** 07/08/2022         **Date Supervision Expires:** 07/07/2027

**Assistant U.S. Attorney:** To be assigned, 401 Market St., 4th Floor, Camden, New Jersey 08101, (856) 757-5026

**Defense Attorney:** To be assigned, Federal Defenders Office, 800 Cooper Street, Suite 350, Camden, New Jersey 08102, (856) 757-5341

---

## PETITIONING THE COURT:

☐ To issue a warrant
☐ To issue a summons
☒ To amend a previously filed petition by adding Violation #3

**THE COURT ORDERS:**

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION.*

☐ The Issuance of a Summons
Date and time of initial appearance: _____ in Courtroom _____ before Judge _____.

☑ The petition dated 04/30/2025 and filed with the Court on 04/30/2025 is HEREBY AMENDED. (as recommended by Probation).

☐ No Action.

☐ Other.

_____        May 28 2025
Signature of Judicial Officer                        Date

**COURT ACTION TO DATE:**

On July 17, 2023, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for marijuana and seeking approval for Mr. Baldwin to use a medical marijuana card. The Court endorsed the report on July 17, 2023, issuing an Official Court Reprimand and allowing the use of the medical marijuana card.

On August 7, 2023, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screenings for cocaine. The Court endorsed the report on August 14, 2023, issuing no formal court action and allowing Mr. Baldwin to engage into outpatient substance abuse treatment.

On November 15, 2023, the Probation Office submitted a *Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screenings for cocaine. The Court endorsed the report on November 16, 2023, adding three months of location monitoring as a special condition of supervised release.

On December 4, 2023, the Probation Office submitted a *Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for cocaine and adding the drug testing and treatment condition (allowing Mr. Baldwin to remain in contracted treatment). The Court endorsed the report on December 11, 2023, adding the condition and allowing Mr. Baldwin to enter a higher level of substance abuse care.

On January 9, 2024, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for cocaine. The Court endorsed the report on January 13, 2024, issuing no formal court action and allowing Mr. Baldwin to continue receiving intensive outpatient substance abuse treatment.

On March 20, 2024, the Probation Office submitted a *Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision*, advising the Court of Mr. Baldwin's ongoing issues with alcohol and requesting that an alcohol restriction be added to his term of supervised release. The Court endorsed this report on March 20, 2024.

On May 21, 2024, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for cocaine. The Court endorsed the report on May 21, 2024, issuing no formal court action and allowing Mr. Baldwin to engage in residential substance abuse treatment.

On September 5, 2024, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for cocaine. The Court endorsed the report on September 5, 2024, issuing no formal court action and allowing Mr. Baldwin to reengage into intensive outpatient substance abuse treatment after recently being stepped down to outpatient substance abuse treatment.

On November 1, 2024, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of a polygraph examination in which Mr. Baldwin showed deception when answering a question concerning the use of an unmonitored device. The Court endorsed the report on November 1, 2024, issuing no formal court action and allowing Mr. Baldwin to be readministered a polygraph within 30 days.

On January 3, 2025, the Probation Office submitted a *Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision*, advising the Court of Mr. Baldwin's positive drug screening for cocaine and requesting a term of 3 months in a Residential Reentry Center be added to the terms of his supervised release. The Court endorsed the report on January 7, 2025.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the special supervision condition which states **'You must reside for a period of 3 months in a community corrections center, halfway house or similar residential facility and must observe all the rules of that facility. You will not be eligible for weekend privileges. You must pay subsistence as required by the program.'** |

On February 6, 2025, Mr. Baldwin was placed in Kintock, a Residential Reentry Center in Bridgeton, New Jersey. Mr. Baldwin was placed in Kintock because of previous non-compliance.

As per the Kintock Program Failure Report, on April 28, 2025, Mr. Baldwin was ordered by staff at Kintock to turn in his cellular phone for inspection. During the search of the phone, the following were discovered.

- Text messages and photographs that indicate that illegal substance use had taken place within the facility.
- Text messages that indicate that Mr. Baldwin purchased illegal substances from another resident within the facility.
- Text messages that indicate that Mr. Baldwin brought illegal substances into the facility for other residents.

In addition to Mr. Baldwin's cellular phone being searched, his personal locker was also searched. Found within the locker was urine in a vial, a pack of cigarettes, and a grinder which contained a strong odor of marijuana and a green leafy substance.

As a result, Mr. Baldwin was terminated from the program as he was in violation of Kintock policy.

On April 29, 2025, Mr. Baldwin admitted to the undersigned that he did purchase crack/cocaine from another resident.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

| | |
|---|---|
| 2 | The individual under supervision has violated the mandatory supervision condition which states **'The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.'** |

On April 29, 2025, Mr. Baldwin submitted to a drug screening at the Probation Office. Prior to submitting a sample, Mr. Baldwin admitted to recent cocaine use.

Mr. Baldwin's screening resulted presumptive positive for cocaine. The specimen was packaged under ID B000001967 and sent to the National Lab for confirmation, which remains pending.

    Mr. Baldwin did sign an *Admission of Drug Use Form*, admitting to cocaine use on April 27, 2025.

    The Probation Office has determined this conduct constitutes a **Grade C violation.**

3    The individual under supervision has violated the mandatory supervision condition which states '**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.**'

    On May 22, 2025, Mr. Baldwin submitted to a drug screening at the Probation Office. Prior to submitting a sample, Mr. Baldwin denied recent cocaine use.

    Mr. Baldwin's screening resulted presumptive positive for cocaine. The specimen was packaged under ID B000001957 and sent to the National Lab for confirmation, which remains pending.

    After being advised of the presumptive positive result, Mr. Baldwin did sign an *Admission of Drug Use Form*, admitting to cocaine use on May 17, 2025.

    The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

On April 29, 2025, Mr. Baldwin did admit to being unsuccessfully discharged from the Residential Reentry Center and to using cocaine.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Ronald Baldwin is facing a maximum statutory penalty of five years imprisonment.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

Pursuant to USSG § 7B1.3(c)(1), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to USSG § 7B1.3(c)(3), in the case of a Grade B or C violation and a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of IV and a Grade A violation, the individual under supervision faces a guideline range of 37 to 46 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 12 to 18 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 6 to 12 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(l), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

The individual under supervision's exposure to all penalties is presented in the Appendix.

I declare under penalty of perjury that the foregoing is true and correct.

NJProb 12C/D – page 7
Ronald Baldwin

Respectfully submitted,

JOSEPH A. DaGROSSA, Chief
U.S. Probation Officer

By:  MATTHEW J. WEBER
     Senior U.S. Probation Officer

/ mjw

APPROVED:

_____    5/28/25
ANTHONY M. STEVENS           Date
Supervising U.S. Probation Officer

NJProb 12C/D – page 8
Ronald Baldwin

# APPENDIX
Statutory and guideline exposure

VIOLATION GRADE: A
CRIMINAL HISTORY CATEGORY: IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 5 years | 37-46 months |
| SUPERVISED RELEASE: | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: B
CRIMINAL HISTORY CATEGORY: IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 5 years | 12-18 months |
| SUPERVISED RELEASE: | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | Up to 5 years | 6-12 months |
| SUPERVISED RELEASE: | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to Life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |